Caruthers, J.,
delivered tbe opinion of tbe Court.
Bragg was a creditor of French,, who was insolvent, and files this bill to reach an interest in certain property, to' which it is alleged be was entitled as tbe father of Ward and Sarah French, who died intestate, and in their minority, but after the death of their mother.
The questions arise upon an ante-nuptial marriage contract, made between W. M. French and Sarah Robertson, in September, 1842. The deed specified certain property of the intended wife, which is vested in a trustee, but the possession and enjoyment is reserved to the contracting parties during their joint lives. If the husband should die first, the trustee is to convey the property to the said Sarah; and then follows this clause, which *246 relates to the event which has happened: “ and, in case of the death of the said Sarah H., in the life-time of her intended husband, Wm. M. French, then the said “trustee” “shall convey the property to the issue of the body of the said Sarah H., then living.”
The said Sarah H. died a few years before the filing of this bill, leaving four children, two of whom have since died, and the object of this bill is to reach the one-half of the estate which remained at the death of the mother, for the debts of the father, upon the ground that their property was inherited by him, and became subject to his debts. No conveyance was made by the trustee to the children after the death of the mother.
The administrator of the children who died, is before the Court.
It seems to be made a question in the argument, whether the title of the property would pass to the children, and from them to the father, without the conveyance of the trustee, as required by the deed, in the event which has happened; and the case of Eakin vs. Smith, 1 Sneed, 310, is referred to, to prove that in such a case a deed would be presumed. That case has" nothing to do with the present questions. There, the object was to avoid the bar of the statute, which applied to the trustee, extending to the remaindermen. The latter were saved from the application of the statute upon the ground that their right to the possession and enjoyment of the property did not arise until the termination of the life-estate, at which time the trust having accomplished its object, being alone for the benefit of the tenant for life, did not extend to the remainder: that the fact that the conveyance was not made to the *247 remaindermen, as required, did not continue the trust, and prevent the title from vesting in the remaindermen, and if that were not so, it would be presumed that the trustees had done their duty. So, on either ground, it was held that the trust had ended, and the remain-dermen were not affected by the bar of the trustee, as he was only clothed with the legal title for the tenant for life, and not for them.
This distinguished the case from that of Williams vs. Otey, 5 Humph., 563, in the opinion of the Court.
But in this case, no such question is presented. It is not material here, whether the legal estate continued in the trustee, until he conveyed, or not, or whether a conveyance was made, or would be presumed, for in any event, the right to the property vested at the death of the mother, in all her children,' whether it were equitable or legal; and, at the death of two of them, their interest would pass by law to' .their father, and be subject to his debts in the hands of the personal representative of the decedants.
The law would be different as to the realty that would go to the surviving children. -
The decree of the Chancellor, as to the personalty, subjecting it to the payment'of the complainant’s debt, was right, and will be affirmed. . .